IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER FRITSCH, and
LAURA FRITSCH,

                       Plaintiffs,                    OPINION AND ORDER

    v.

                                                                  25-cv-737-wmc

FOREST RIVER, INC.,

                       Defendant.

---

      Plaintiffs Christopher and Laura Fritsch claim that defendant Forest River, Inc., violated the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, when it failed to repair defects to plaintiffs' recreational vehicle under the terms of its express warranty. (Pl.'s Compl. (dkt. #1) ¶¶ 8-17.) Defendant moves to transfer this case to the Northern District of Indiana in keeping with a forum selection clause contained in the express warranty. (Dkt. # 17, at 1.) Because the forum selection clause was a valid term of the warranty that plaintiffs agreed to and rely upon, the court will grant defendant's motion to transfer.

BACKGROUND

      In 2022, plaintiffs purchased an RV from an authorized Forest River dealership in Pepin County, Wisconsin. (Pl.'s Compl. (dkt. # 1) ¶ 8.) Plaintiffs contend that they met with employees from the dealership at the time of the sale, who provided them with loan documents and a purchase contract. (Dkt. # 12-2, ¶ 1.) After signing the purchase contract, dealership employees gave them a Customer Delivery and Warranty Registration Form (the "Form"), which was the only document provided to them regarding Forest River's

warranty. (Fritsch Decl. (dkt. # 26) ¶¶ 9-10). Right above the signature line, that form states:

> I have had the opportunity to review the FOREST RIVER, INC. Limited warranty during the purchase of this unit and I understand that this product is designed to be used for recreational camping and travel. I have been given the opportunity to make notations in the space provided above, have observed or received satisfactory explanation to all questions regarding items listed during the delivery process.

(Dkt. # 26-1, at 1.)

Plaintiffs represent that they signed the form without reviewing the text of the warranty itself and were given a copy of it ("the Form"). (Fritsch Decl. (dkt. # 26) ¶ 10.) The seller later added its own signature and some additional markings to the Form, then retained that copy. (Dkt. # 18-2, at 1.) This single form was the only information provided to plaintiffs regarding the warranty. (Fritsch Decl. (dkt. # 26) ¶ 10.) Nevertheless, this *is* the warranty that plaintiffs seek to enforce under the MMWA. (Pl.'s Compl. (dkt. #1) ¶ 17.)

The entire warranty is five pages long, with its additional terms listed in the same font size. (Dkt. # 18-1, at 1-5.) There is a forum selection clause on the fifth page under a heading labeled "Legal Remedies," which states:

> Exclusive jurisdiction for deciding legal disputes relating to this limited warranty, an alleged breach of warranty, breach of implied warranties, or representations of any kind must be filed in the courts within the state of Indiana.

*Id.* at 5.  This clause is in the same font size as the other terms and is bolded.  *Id.*

## OPINION

Based on the forum selection clause, defendant moved to transfer this case to the

Northern District of Indiana under 18 U.S.C. § 1404(a). Plaintiffs argue that transfer is improper because the forum selection clause itself is invalid. The court addresses the governing legal standards for this issue below before turning to the parties' arguments.

I. Legal Standards

   A. Transfer of Venue under 28 U.S.C. § 1404(a)

Under 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought. *Barrington Group, Ltd. v. Genesys Software Systems, Inc.*, 239 F. Supp. 2d 870, 872-73 (E.D. Wis., 2003). A district court considering whether to grant a § 1404(a) motion to transfer must weigh both the convenience to the parties and various public interest factors, including the relative congestion of the court calendar for the proposed transferee court and the local interest in deciding local controversies at home. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013).

However, when a party moves to transfer under § 1404(a) to enforce a valid forum selection clause, the forum selection clause should be given controlling weight in "all but the most exceptional cases." *Id.* at 63. More specifically, the presence of a valid forum selection clause requires district courts to modify the typical § 1404(a) analysis in three ways. *Id.* First, the consideration of the plaintiff's choice of forum merits no weight, as the plaintiff contracted to bring suit only in the specified forum. *Id.* Instead, in defying the forum-selection clause, plaintiff bears the burden of showing why the court should *not* transfer the case to the forum originally agreed upon by the parties. *Id.* at 64. Second, the court should not consider the private interests of the parties, as whatever inconvenience

3

they may have to suffer would have been foreseeable at the time of contracting; as a result, the court may only consider public-interest arguments in deciding the transfer motion. *Id.* Third, when a party bound by a forum-selection clause opts to file suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules, which may be a factor in the public interest analysis. *Id.* In sum, absent a showing by plaintiffs that there is a good reason not to enforce the forum selection and a strong public interest basis for their choice of forum, the court should grant the motion to transfer.

## B. The Magnuson-Moss Warranty Act

Of course, those changes to the § 1404(a) analysis are predicated on the existence of a *valid* forum selection clause. In this case, the forum selection clause at issue is incorporated as a term of the limited warranty. Further, the MMWA ("the Act") allows consumers to sue for damages resulting from the failure of a supplier, warrantor, or service contractor to comply with any obligation under the warranty or the Act. *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003) (quoting 15 U.S.C. § 2310(d)(1)).

At least in part, the purpose of the Act is to "improve the adequacy of information available to consumers" by requiring warrantors to "fully and conspicuously disclose in simple and readily understood language the terms of and conditions of such warranties." 15 U.S.C. § 2302(a). To achieve this purpose, § 2303(b) provides that the terms of a limited warranty are to be made available to consumers before the sale of a product.

In addition, the Federal Trade Commission is responsible for promulgating rules for how sellers and warrantors must make such warranty terms available to a consumer before sale. 15 U.S.C. § 2302(b)(1). These rules recognize many ways a warrantor may satisfy

4

the pre-sale availability requirement. For example, a warrantor may make the terms of the limited warranty available on its website, provide the seller with a copy of the written warranty with every warranted consumer product, or provide a sign, notice, or other attachment that discloses the text of the warranty. 16 C.F.R. § 702.3(b).

### C. Forum Selection Clauses

Finally, where a warranty agreement contains a forum selection clause, the clause is presumed to be valid and should be enforced *unless* the opposing party "could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15 (1972). The Seventh Circuit has articulated three sets of circumstances that "will render a forum selection clause 'unreasonable':

> (1) If their incorporation into the contract was the result of fraud, undue influence or overweening bargaining power;
>
> (2) if the selected forum is so 'gravely difficult and inconvenient that [the complaining party] will for all practical purposes be deprived of its day in court'; or
>
> (3) if enforcement of the clauses would contravene a strong public policy of the forum in which the suit is brought, [as] declared by statute or judicial decision.

*Jackson v. Payday Fin., LLC*, 764 F.3d 765, 776 (7th Cir. 2014) (quoting *M/S Bremen*, 407 U.S. at 18).

Regardless, federal law governs the validity of forum selection clauses in disputes arising under § 1404(a), and the court must make an independent judgment as to whether to enforce the clause. *IFC Credit Corp. v. Aliano Bros. General Contractors, Inc.,* 437 F.3d

5

606, 608 (7th Cir. 2006). At the same time, in making this independent judgment, the court must consider the underlying state policy regarding forum selection clauses, as this bears on whether transferring the case would be in the interest of justice. *Wins Equip., LLC v. Rayco Mfg., Inc.,* 668 F. Supp. 2d 1148, 1153 (W.D. Wis. 2009).

## II. Analysis

Given the presumption that transfer to the specified venue is proper when there is a valid forum selection clause, the heart of the analysis in this case turns on the validity of that clause. To this end, plaintiffs argue that the court should deny defendant's motion to transfer because: (1) defendant materially and fraudulently modified the terms of the Warranty Registration Form, rendering it non-binding; (2) the forum selection clause was *not* part of the bargain struck for the purchase of the RV because the seller never made the text of the warranty available to plaintiffs before the purchase as required by the MMWA; and (3) the characteristics of the Form and the circumstances surrounding its signing render it unconscionable and unenforceable under Wisconsin law. Plaintiffs also argue that absent a valid forum selection clause, plaintiffs' choice of venue should be honored under the typical § 1404(a) analysis. The court considers each of these arguments in turn.

### A. The Form was not materially altered such that it rendered the terms of the warranty unenforceable.

As a threshold matter, plaintiffs argue that the version of the Form provided to this court by defendant is not the copy signed by plaintiffs, and that this voids any provisions binding plaintiffs to the terms and conditions of the warranty. Plaintiffs rely on Article 3 of the Wisconsin Uniform Commercial Code in making this argument. Wis. Stat.

6

§ 403.407.  However, Article 3 applies only to negotiable instruments as defined in Wis. Stat. § 403.104, such as checks, promissory notes, drafts, and certificates of deposit.  Wis. Stat. § 403.102.  A limited warranty provided with the sale of a *good*, such as the RV in this case, is governed by Article 2 of the UCC.  Wis. Stat. § 402.102.  Article 2 does not contain any analogous provision regarding alteration, but does have a provision describing the legal effect of additional terms that materially alter the original bargain.  Wis. Stat. § 402.207.  Here, plaintiffs do not argue that seller materially altered the original forum selection clause or other terms of the warranty, but rather added markings and the seller's signature to the Form.  Since those markings and signature are not terms, § 402.207 does not apply.

Even if § 402.207 applied to the Form, the alterations made by defendant do not render the terms of the warranty unenforceable because none are material.  Specifically, the alterations include the addition of the date and the seller's signature under the plaintiffs' signatures. (Dkt. #26-1 and Dkt. #18-2.)  There is also some handwritten numerical data relating to the propane system, and hand-drawn lines indicating that the RV was inspected in various ways.  (Dkt. # 18-2.)  Though these differences altered the version of the Form in plaintiffs' possession, which includes no handwritten marks aside from plaintiffs' signatures, the alterations are plainly immaterial.  *See* U.C.C. § 2-207 (Am. Law Inst. & Unif. Law Comm'n 1977), cmt. 4 (defining terms that "materially alter" the contract as those that result in surprise or hardship to the other party).

In particular, the alterations do not modify the forum selection clause, nor do they modify any obligation of defendant included in the terms of the limited warranty.

7

Therefore, the Form, in which plaintiffs acknowledged that they read the warranty, is valid, and the seller's alterations to the Form do not automatically render the terms of the warranty unenforceable under either Wis. Stat. §§ 403.407 or 402.207.

### B. The forum selection clause is a binding term of the warranty.

Given that the Warranty Registration Form is valid, the next consideration is whether the forum selection clause is a binding term of the warranty. In particular, plaintiffs contend that defendant's failure to provide them with the text of the warranty upon the sale of the RV in compliance with 15 U.S.C. § 2302 and 16 CFR § 702.3, means that the terms were not "reasonably communicated" and cannot bind them. However, plaintiffs cite no authority for the proposition that failure to comply with these requirements automatically renders the terms of a warranty unenforceable, nor could the court find any such authority. Moreover, defendant did not fail to provide plaintiffs with the text of the warranty before the sale, but rather the dealership that sold the RV failed to do so. Under 16 CFR § 702.3(b)(1)(i), a warrantor, such as defendant, is required to provide sellers, like the dealership, with warranty materials necessary for such sellers to comply with their disclosure requirements under § 702.3(a). There is no allegation here that defendant ever failed to provide the dealership with such materials, and no evidence in the record suggesting such a failure.

In its reply brief, defendant also urges this court to follow *Kraft v. Staten Island Boats, Inc.*, 715 F.Supp. 2d 464 (S.D.N.Y. 2010), and find that because there is no evidence that defendant failed to follow *its* pre-sale warranty disclosure requirements under the MMWA, that the warranty terms are enforceable. *Id.* at 478. Though this is the only case defendant

8

cites, other courts have followed the reasoning in *Kraft* to distinguish between the duties of warrantors and sellers under the MMWA, and similarly have held that a manufacturer's warranty is not rendered unconscionable under the MMWA due to a seller's violations. *E.g., Hoopes v. Gulf Stream Coach, Inc.*, No. 10-cv-365, 2014 WL 4829623, at *8-9 (N.D. Ind. Sep. 29, 2014).[1]

On the other hand, plaintiffs argue that it is immaterial whether it was the warrantor or the seller who failed to comply with the MMWA because parties cannot consent to undisclosed warranty terms, and the lack of disclosure voids the terms. In particular, plaintiffs rely on *DeMidio v. REV Rec. Gr., Inc.*, No. 17-cv-326, 2018 WL 1744958, at *3 (N.D. Ind. April 10, 2018), and *Sgouros v. TransUnion Corp.*, 817 F.3d 1029, 1036 (7th Cir. 2016). In *DeMidio*, the court held that an arbitration clause included in a limited warranty was unenforceable against the plaintiffs absent evidence that the plaintiffs actually agreed to that term, aside from having reviewed the text of the warranty. 2018 WL 1744958 at *4. However, the key factual distinction between *DeMidio* and the present case is that unlike in *DeMidio*, plaintiffs signed the Warranty Registration Form, affirmatively acknowledged that they had the opportunity to review the Forest River limited warranty, and desired to register it for their newly purchased RV. So, too, the key factual distinction between this case and *Sgouros* is the presence of the signed Form. In *Sgouros*, the Seventh Circuit found no indication that a plaintiff-consumer agreed to a credit

---

[1] Curiously, defendant did not cite *Hoopes* in its reply brief despite its applicability to this case. However, defendant is clearly familiar with that case given that several paragraphs of its reply brief bear an uncanny resemblance to the language in *Hoopes*. (Dkt. # 27, at 5-6.) To avoid sanctions, the court strongly recommends that when defendant's counsel borrows several sentences verbatim from another opinion, counsel quote and cite that opinion.

score purchase site's terms and conditions when the consumer clicked a button on the website to use the online service. 817 F.3d at 1036. Crucial to the Seventh Circuit's analysis was the fact that the user was never warned that by merely using the site, he was bound by any terms and conditions. *Id.*

Here, however, plaintiffs explicitly signed a form acknowledging that they read the warranty and desired to register the warranty for their RV. In fact, the presence of the signed acknowledgment was key to the analysis in *Kraft*, as well as in *Mengers v. Gulf Stream Coach, Inc.*, 136 F.Supp. 3d 1006, 1008 (N.D., Ind. 2015). In *Mengers*, the plaintiff sought to sue an RV company under the terms of its "Coverage Booklet." *Id.* at 1006. Ms. Mengers sought to void an arbitration clause contained within the coverage booklet on the grounds that she was never actually given the text of the coverage booklet upon the sale of the RV, but was merely provided with a "Service Agreement Declaration Page." *Id.* at 1008. In upholding the arbitration clause, the court focused on two key points: (1) Ms. Mengers had signed an agreement affirming that she had read the service agreement and agreed to be bound by its terms, and (2) Ms. Mengers was suing under the very service agreement that contained the arbitration clause she sought to invalidate. *Id.* at 10; *see also Hilman v. Thor Industries, Inc.*, No. 21-cv-239, 2022 WL 683650, at *8 (N.D. Ind. Mar. 8, 2022) (distinguishing the plaintiff in that case from the plaintiff in *Mengers*, as Ms. Mengers could not take advantage of the good parts of a contract she made while distancing herself from the bad). Like Ms. Mengers, plaintiffs have also signed an agreement affirming that they read the warranty and are seeking recovery under the very warranty whose venue terms they now wish to invalidate.

Plaintiffs argue that use and reliance on the warranty does not constitute assent to unknown terms. However, it is not only use of and reliance on the warranty by itself that creates assent to the warranty's terms, but also plaintiffs' outward manifestation of that assent through their signatures on the Form. *Domer v. Menard*, 684 F.Supp. 3d 871, 878 (W.D. Wis. 2023) (finding that when a consumer has reasonable notice that additional terms exist and follows through with a purchase, that consumer manifests their assent to the additional terms).

Defendant is also correct that there is no evidence of its failure to satisfy any obligations as a *warrantor* under the MMWA. However, this does not end the analysis, as plaintiffs still cannot consent to undisclosed warranty terms. To that end, *Mengers* is persuasive. Like Ms. Mengers, plaintiffs affirmatively acknowledged that they read the text of the warranty. Even if this was untrue, plaintiffs were on notice that additional contractual terms existed, and they should have asked to review them before affirming that they did so. Moreover, plaintiffs cannot now disavow a conspicuous term of the warranty, while seeking to recover under other provisions of the very same warranty. As the court in *Mengers* explained, a party who has accepted a benefit under a contract cannot have it both ways by attempting to avoid its burdens. *Mengers*, 136 F.Supp.3d at 1010; *Hughes Masonry Co. v. Greater Clark Cnty. Sch. Bldg. Corp.*, 659 F.2d 836, 839 (7th Cir. 1981). Here, plaintiffs are attempting to do just that.

Finally, plaintiffs attempt to distinguish their case from cases like *Mengers* by arguing the Form affirms only that plaintiffs have read the *warranty*, not necessarily any of the warranty's *terms*. This is a distinction without a difference. First, the affirmation that

plaintiffs signed adequately encompasses the warranty *in its entirety*. Second, plaintiffs were at minimum on notice that they were signing an additional warranty contract, yet chose not to read it. Just as they now nevertheless seek to enforce the warranty in their MMWA claim, they must abide by all of its terms, including the forum selection clause.

### C. The forum selection clause is not unconscionable under Wisconsin law.

Of course, even if they did consent to the warranty's terms, plaintiffs also argue the Warranty Form constitutes an unconscionable adhesion agreement that the court should strike down as unenforceable. First, plaintiffs offer no support for their claim that the Form is an adhesion agreement. All plaintiffs contend is that a salesperson provided them with the Form after they signed the purchase contract for the RV, and that they signed the Form, indicating that they had the opportunity to review the limited warranty to be registered by the Form. While there is no dispute that plaintiffs knew that they had not read the warranty, yet signed the Form anyway, there is also no evidence that plaintiffs would have been unable to negotiate any of the terms of the Form or the warranty's terms if they had asked to review them.

Nevertheless, plaintiff argues that the Form is somehow unconscionable, which requires their showing of a "certain quantum" of both substantive and procedural unconscionability. *Leasefirst v. Hartford Rexall Drugs, Inc.* 168 Wis. 83, 89, 483 N.W.2d 585. (Ct. App. 1992). Substantive unconscionability refers to the terms of the contract itself and whether they are commercially reasonable, while procedural unconscionability refers to the factors bearing on the meeting of the minds of the contracting parties. *Id.* at 90.

Regarding substantive unconscionability, plaintiffs argue that the Form and incorporated forum selection clause in the warranty are not commercially reasonable because Wisconsin courts have struck down forum selection clauses that confer venue in other states where there is no basis for jurisdiction other than the clause itself. *First Fed. Fin. Serv. v. Derrington's Chevron, Inc.*, 230 Wis. 2d 553, 562, 602 N.W.2d 144 (Ct. App. 1999). However, plaintiffs conveniently ignore that there *is* a clear basis for jurisdiction here: defendant is headquartered and maintains its principal place of business in Indiana and it is commercially reasonable for a company to select its headquarters' state as the forum of choice. *Pietroske, Inc. v. Globalcom, Inc.*, 2004 WI App 142, ¶ 7, 275 Wis. 2d 444, 685 N.W.2d 884. Moreover, the RV was manufactured and assembled in Indiana and manufactured its RVs there, providing a further basis for jurisdiction in Indiana. Therefore, the forum selection clause is commercially reasonable.

Plaintiff also cites *Leasefirst* and *First Federal* to argue that litigating in Indiana is substantively unconscionable. However, the clause in *Leasefirst* would have allowed the drafting party to choose to litigate in any forum where they had ever done business, 168 Wis. 2d at 90, and the clause in *First Federal* compelled litigation in Wisconsin while the buyer and seller were both located in California, 230 Wis. 2d at 562. Thus, this case is again easily distinguishable from those cases, where defendant is headquartered in Indiana, while plaintiffs reside in Minnesota. In short, requiring litigation in Indiana is not commercially unreasonable, nor is the difference in convenience to plaintiffs so grave as to

13

render it commercially unreasonable.[2] Therefore, the clause is not substantively unconscionable.

Admittedly, the question of procedural unconscionability is a closer call. Factors the court must weigh to determine procedural unconscionability include the contracting parties' age, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, and whether alterations in the printed terms were possible. *Disc. Fabric House v. Wis. Tel. Co.*, 117 Wis. 2d 587, 602, 345 N.W.2d 417 (1984). Here, defendant is a corporation, while plaintiffs are individual consumers. Defendant also drafted the contract unilaterally and never explained the forum selection clause to plaintiffs. Against these facts, however, is plaintiffs' acknowledgement that they read the warranty. If they had, they would have reviewed a five-page document describing the warranty's terms conspicuously and in plain language. (Dkt. # 18-1, at 1-5.) In particular, the forum selection clause itself is located under a heading that reads "Legal Remedies" and is in the same font size as the rest of the warranty's text, stating plainly and unambiguously that exclusive jurisdiction for warranty claims lies with the courts within the state of Indiana. *Id.* at 5. Thus, plaintiffs were given sufficient notice, whether they chose to read it or not, of the contractual terms comprising

---

[2] Plaintiffs would travel approximately 200 miles from their home in Rochester, Minnesota to litigate in the Western District of Wisconsin. The court acknowledges that nearly doubling plaintiffs' commute for litigation to proceed in defendant's proposed venue may be burdensome. However, Wisconsin courts have upheld as commercially reasonable forum selection clauses resulting in similar increases to a plaintiff's commute to the courthouse when the proposed, alternate venue is the defendant's headquarters. *E.g., Pietroske*, 2004 WI App 142, ¶ 7 (upholding a forum selection clause transferring venue from Manitowoc County, WI to Cook County, IL as commercially reasonable when defendant was headquartered there).

the warranty. Again, in seeking to enforce those terms, there is nothing procedurally unconscionable about requiring plaintiffs to take the good with the bad.

### D. Transfer is appropriate under § 1404(a).

Because defendant moves to transfer this case under a valid forum selection clause, only extraordinary circumstances unrelated to the convenience of the parties would justify denial of defendant's § 1404(a) motion to transfer, *Atl. Marine Constr. Co., Inc.*, 571 U.S. at 62, and plaintiffs have offered no evidence regarding this transfer offending the public interest. Plaintiffs having failed to meet their burden of showing why the court should not transfer this case to the Northern District of Indiana under the applicable forum selection clause, defendant's motion under § 1404(a) will be granted.

### ORDER

IT IS ORDERED that:

1) Defendant's motion to transfer (Dkt. #16) is GRANTED.
2) The clerk of court shall transfer this case to the Northern District of Indiana.

Entered this 12th day of March, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge